# United States District Court

## SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

V.

**DONNELL E. GILDER, JR.**

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:16-cr-00291

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

Counts 1 - 11: Interference with Interstate Commerce by Threats or Violence, in violation of Title 18 U.S.C. §1951(a); and
Counts 12 - 20: Brandishing a Firearm during and related to a Crime of Violence, in violation of
　　Title 18 U.S.C. § 924(c)(i)(A)(ii); and
Counts 21 - 22: Discharging a Firearm during and related to a crime of Violence, in Violation of
　　Title 18 U.S.C. § 924(c)(i)(A)(iii).

I further state that I am a Special Agent, and that this complaint is based on the following facts:

See attached Affidavit

**Continued on the attached sheet and made a part hereof.**

　　　　　　　　　　　　　　　　　　　　　　　　Brian Reardon, Special Agent
　　　　　　　　　　　　　　　　　　　　　　　　Bureau of Alcohol, Tobacco, Firearms, and Explosives

**Sworn to before me, and subscribed in my presence**

May 2, 2016　　　　　　　　　　　　　　at　Indianapolis, Indiana
**Date**

Mark J. Dinsmore, U.S. Magistrate Judge
**Name and Title of Judicial Officer**　　　　　**Signature of Judicial Officer**

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT AND COMPLAINT

I, Brian Reardon swear and affirm the following to be true;

### I. INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant is a Special Agent (SA) for the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and has served in this capacity since March 2015. Your Affiant is currently assigned to the Indianapolis Group I Field Office Achilles Task Force and charged with investigating violations of federal firearms, explosives, and arson laws; and offenses enumerated in Title 18 and Title 26 of the United States Code, for which your Affiant has received formal training at the Federal Law Enforcement Training Center and the ATF National Academy.

2. Prior to becoming a Special Agent with ATF, your Affiant was a police officer and narcotics investigator with the New Albany Indiana Police Department for approximately six years. In addition to day to day narcotics investigations your Affiant was assigned as a Task Force Officer (TFO) to the Federal Bureau of Investigations Safe Streets Gang Task Force for three years.

3. Your Affiant has become aware of the facts and circumstances described below through personal observation, training and experience, information provided by other law enforcement officers, witness interviews, and suspect interview(s). Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, your Affiant has not included each and every fact known concerning this investigation. Rather, your Affiant has set forth only those facts that are believed to be necessary to establish probable cause to issue an arrest warrant. The information included herein is either personally known to your affiant or has been relayed by other law enforcement officers during the course of the investigation.

4. This affidavit is submitted in support of an application for a Warrant for Arrest of 1) DONNELL E. GILDER JR. ("GILDER"), black male, date of birth XX/XX/1993, Social Security Number XX-XX-8242, who is currently in the custody of the Marion County Jail. Based on your Affiant's training and experience, and based on the facts below, your Affiant believes that GILDER committed the following crimes:

    a) Eleven (11) violations of Title 18, United States Code, Section 1951(a) (Interference with interstate commerce by threats or violence);

    b) Nine (9) violations of Title 18, United States Code, 924(c)(i)(A)(ii) (Brandishing a firearm during and related to a crime of violence), and;

    c) Two (2) violations of Title 18, United States Code, 924(c)(1)(A)(iii), discharging a firearm during and related to a crime of violence.

## II. Background of Investigation

5. On April 27, 2016 at approximately 3:47 a.m., Indianapolis Metropolitan Police Department (IMPD) officers responded to an armed robbery at a Speedway Gas Station located at 5990 E. 71st Street, Indianapolis, Indiana. Upon arrival officers received information from the victim and employee of Speedway Gas Station, T.P., that she had just been robbed. T.P. stated that she was smoking outside of the front door to the business when she noticed a light skinned black male sneaking up on her. T.P. explained she immediately ran back into the store and attempted to the lock the front door. T.P. said the suspect ran up to the front door in an attempt to get inside.

6. T.P. stated to officers that she witnessed the suspect fall and when he got back to his feet, shot a round from his handgun through the door, narrowly missing her. T.P. said she was struck by the glass from the door which caused pain and bruising. T.P. told officers that she

believed the suspect was trying to kill her. T.P. said after the suspect shot at her through the door she fled to the freezer area of the store to hide. T.P. told officers that the suspect who robbed her was the same suspect who had robbed her previously on March 17, 2016.

7. Indianapolis Metropolitan Police Department (IMPD) Detectives were requested to the scene, arriving a short time later. Detectives reviewed Speedway surveillance cameras while on scene. Upon review of the surveillance footage, Detectives observed a light skinned black male who was later identified as DONNELL E. GILDER Jr., approach the business from the West. They observed the suspect running towards the front door where T.P. ran inside attempting to lock the door. Surveillance footage captured the suspect fall to the ground and take a kneeling position, pushing out his arms into a shooting stance and fire a single round from a handgun through the front door.

8. More specifically, surveillance footage showed GILDER shoot a single round from what appeared to be a semi-automatic handgun at the direction of T.P. The surveillance footage captured the glass shatter and smoke from the fired round go between the legs of T.P. GILDER was then observed picking up the empty shell casing from the ground before entering the business. GILDER was observed entering the business through the shattered glass door. GILDER entered the business wearing a black jacket, black t-shirt, black pants (skinny pants), black and white shoes, black gloves, black hat and a light colored scarf. While entering the business the scarf briefly fell off exposing his face. GILDER re-adjusted his scarf to cover his face before what appeared to be searching the store for T.P. Surveillance footage captured GILDER then attempted to gain entry into the cash register before leaving the store. Surveillance footage showed GILDER holding what appeared to be a small black semi-automatic handgun.

9. While IMPD officers were at the Speedway gas station, dispatch put out a report of a stolen vehicle which had just occurred located at 6009 E. 75th Street, Indianapolis, Indiana. The caller stated that her white Chevrolet Malibu with Louisiana license plate was stolen outside of her apartment. An IMPD officer observed the vehicle shortly after the dispatched run while traveling West on E. 71st Street. The officer followed the vehicle as it drove past the Speedway Gas Station. The officer attempted to conduct a traffic stop of the vehicle at the intersection of North Graham and Binford Blvd. The officer observed the driver who was subsequently identified as GILDER exit the driver's seat and flee on foot, leaving the vehicle in gear. GILDER was observed running south and west towards the McDonald's restaurant. The vehicle which was still in gear ran into the officer's patrol vehicle. Another officer immediately recognized the driver of the stolen vehicle to be the suspect from the Speedway gas station robbery as he was wearing the same clothing.

10. IMPD officers continued to pursue GILDER on foot where they observed GILDER continuously reaching into the waistline and pockets of his pants, a common place for people to conceal handguns. Shortly thereafter, GILDER was apprehended by IMPD officers at 6901 Hawthorn Park Drive. Located in GILDER's pants pocket during a search incident to arrest was a 9mm handgun magazine loaded with 9mm ammunition and a cell phone. In a tree line not far from the arrest location, officers located the following clothing articles: (1) a black knit hat, (1) a pair of black gloves, and (2) scarves, one of which appeared to be the same scarf used to conceal GILDER's face during the robbery.

11. On April 27, 2016, at approximately 10:20 a.m., IMPD officers utilizing a map produced by an IMPD officer of the foot pursuit route that GILDER took following the traffic stop, located a black 9mm Ruger LC9, semi-automatic handgun, serial number 32851662, with a

magazine containing seven (7) live rounds of 9mm ammunition. The firearm was located on the south side of the business of 6925 Hawthorne Park Drive, (Cardinal Wireless INC.) The firearm was located on the ground under the fourth tree of the eastside tree line directly south of the business. IMPD evidence technicians recovered the firearm, taking photographs, latent prints and three DNA swabs of the Ruger handgun, magazine and ammunition. Your affiant conducted a trace of the Ruger LC9, serial number 32851662 which indicated GILDER purchased the firearm on January 6, 2016, from Beech Grove Firearms Inc. at 3020 S. Emerson Avenue, Beech Grove, Indiana 46107.

12. On April 27, 2016, at approximately 4:16 p.m., an IMPD detective and your affiant met with GILDER at the Marion County Arrestee Processing Center to interview GILDER as well as execute Marion County Superior Court search warrants for the DNA buccal swab and seizure of clothing worn by GILDER at the time of the robbery. The detective provided GILDER with an IMPD advice of rights form. The detective read the advice of rights form to GILDER who waived his rights and agreed to speak with law enforcement regarding his suspected involvement in multiple robberies in Marion County.

13. During the interview, GILDER was shown IMPD robbery contact sheets detailing the robberies listed below. The contact sheets contained still images obtained from surveillance footage captured during robberies GILDER was suspected of having committed. GILDER admitted to committing the following robberies:

a. February 29, 2016, at approximately 1:43 a.m., Marsh Supermarket, 7481 N. Shadeland Avenue, Indianapolis, Indiana 46256. GILDER identified himself as the person who committed the robbery. GILDER circled and initialed his photograph on the contact sheet. GILDER admitted to possessing and brandishing the Ruger LC9 semi-automatic handgun.

During the robbery GILDER did not obtain any money from the business but stole a cellular phone from an employee.

b. March 17, 2016, at approximately 1:49 a.m., Speedway Gas Station, 5990 E. 71st Street, Indianapolis, Indiana 46250. GILDER identified himself as the person who committed the robbery. GILDER circled and initialed his photograph on the contact sheet. GILDER admitted to possessing and brandishing the Ruger LC9 semi-automatic handgun. GILDER stole approximately $90.00 in U.S. Currency.

c. March 17, 2016, at approximately 2:27 a.m., 5415 E. 65th Street, Indianapolis, Indiana 46250. GILDER identified himself as the person who committed the robbery. GILDER circled and initialed his photograph on the contact sheet. GILDER admitted to possessing and brandishing the Ruger LC9 semi-automatic handgun. GILDER stole $352.00 in U.S. Currency.

d. March 19, 2016, at approximately 12:56 a.m., Speedway Gas Station, 5415 E. 65th Street, Indianapolis, Indiana 46250. GILDER identified himself as the person who committed the robbery. GILDER circled and initialed his photograph on the contact sheet. GILDER admitted to possessing and brandishing the Ruger LC9 semi-automatic handgun. GILDER stole $100.42 in U.S. Currency.

e. March 19, 2016, at approximately 2:29 a.m., Speedway Gas Station, 8202 N. Allisonville Road, Indianapolis, Indiana 46250. GILDER identified himself as the person who committed the robbery. GILDER circled and initialed his photograph on the contact sheet. GILDER admitted to possessing and brandishing the Ruger LC9 semi-automatic handgun. GILDER stole $70.00 in U.S. Currency.

f. March 23, 2016, at approximately 12:57 a.m., Speedway Gas Station, 8202 N. Allisonville Road, Indianapolis, Indiana 46250. GILDER identified himself as the person who

committed the robbery and was shown a photograph of the suspect admitting that was him. GILDER admitted to possessing and brandishing the Ruger LC9 semi-automatic handgun. GILDER stole $200.00 in U.S. Currency.

g. April 5, 2016, at approximately 3:57 a.m., Speedway Gas Station, 8202 N. Allisonville Road, Indianapolis, Indiana 46250. GILDER identified himself as the person who committed the robbery. GILDER circled and initialed his photograph on the contact sheet. GILDER admitted to possessing and brandishing the Ruger LC9 semi-automatic handgun. GILDER stole $100.00 in U.S. Currency.

h. April 6, 2016, at approximately 3:51 a.m., Speedway Gas Station, 5415 E. 65th Street, Indianapolis, Indiana 46250. GILDER identified himself as the person who committed the robbery. GILDER circled and initialed his photograph on the contact sheet. GILDER admitted to possessing and brandishing the Ruger LC9 semi-automatic handgun. GILDER stole an undetermined amount of U.S. Currency.

i. April 16, 2016, at approximately 5:38 a.m., Speedway Gas Station, 5415 E. 65th Street, Indianapolis, Indiana 46250. GILDER identified himself as the person who committed the robbery. There were no still images available to show GILDER at the time of interview however GILDER admitted to possessing, brandishing and discharging one round from the Ruger LC9 semi-automatic handgun while inside the business. GILDER stole $136.00 in U.S. Currency.

j. April 16, 2016, at approximately 5:53 a.m., Speedway Gas Station, 8202 Allisonville Road, Indianapolis, Indiana 46250. GILDER identified himself as the person who committed the robbery. There were no still images available to show GILDER at the time of the interview however GILDER admitted to possessing and brandishing the Ruger LC9 semi-automatic handgun. GILDER stole $268.00 in U.S. Currency.

14. GILDER further explained that he believed he had only discharged his firearm on two robberies and that on the last robbery of Speedway Gas Station on April 27, 2016 he had retrieved the spent shell casing after firing the weapon through the front door.

_____
Brian Reardon, Special Agent
ATF


Sworn to before me, and subscribed in my presence, this 2nd day of May, 2016.

_____
Mark J. Dinsmore, Magistrate Judge
United States District Court
Southern District of Indiana