

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

18 JUL 10 PM 4 46

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Southern District of Indiana |
|---|---|

| Name (under which you were convicted): Donnell E. Gilder, Jr. | Docket or Case No.: 1:16CR00107-001 |
|---|---|

| Place of Confinement: Beckley Federal Correctional Institution | Prisoner No.: 15188-028 |
|---|---|

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v. DONNELL E. GILDER, JR. | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court, Southern District of Indiana

   U.S. Courthouse
   46 East Ohio Street
   Indianapolis, IN 46204
   (b) Criminal docket or case number (if you know): 1:16CR00107-001

2. (a) Date of the judgment of conviction (if you know):

   July 10, 2017.

   (b) Date of sentencing: July 10, 2017.

3. Length of sentence: 420 Months (Four Hundred and Twenty)

4. Nature of crime (all counts):
   Interference with commerce by threats or violence 18§ 1951(a)
   Knowingly discharging a firearm during and in relation to a
   crime of violence 18 § 924(c)(1)(a)(iii)

5. (a) What was your plea? (Check one)

   (1)  Not guilty ☐        (2)  Guilty ☒        (3)  Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ☐        Judge only ☐

# Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

   Clerk, United States District Court for _____
   Address
   City, State  Zip Code

9. **CAUTION:** You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?   Yes ☐   No ☒

9. If you did appeal, answer the following:

   (a) Name of court:

   (b) Docket or case number (if you know):

   (c) Result:

   (d) Date of result (if you know):

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

   If "Yes," answer the following:

   (1) Docket or case number (if you know):

   (2) Result:

   (3) Date of result (if you know):

   (4) Citation to the case (if you know):

   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑ No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:        Yes ❑    No ❑

(2)  Second petition:     Yes ❑    No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**  INEFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

There are several issues surrounding this claim that are explained in the petitioner's memorandum supporting the instant motion. These range from 5th and 6th Amendment violations, to inadequate assistance in the pre and post sentencing procedures.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Claim of ineffective assistance  of counsel

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA )

)

VS.                                    CASE No. 1:16-CR-00107-001

)

DONNELL E. GILDER, JR.

)

MEMORANDUM IN SUPPORT OF MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

The petitioner in the above matter is a pro se litigant. As
such, his submission must be held to "Less Stringent Standard's
than Formal Pleading's Drafted by Lawyer's", See.. Ferran v. Town
of Nassau, 11 F.3d 22, 23 (2d Cir. 1993). The court must construe
the petitioner's submission's "Liberally and Interpret them to
Raise the Strongest Argument's that they Suggest", See.. McPherson
v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).

## FACTS AND TRAVEL OF THE CASE

The petitioner would request that the court take the fact's
and information that is provided in the following memorandum, and
to construe such fact's and information in such a way that would
bring the most favorable outcome to the petitioner in the interest
of justice.

The petitioner is currently serving a sentence in the custody
of the Federal Bureau of Prisons. This sentence consist's of Four
Hundred and Twenty Months and One Day (420 months and 1 day) of
incarceration, to be followed by a term of Three years (3) super-
vised release. The judgment in the instant offense was dated and

ordered on July 10th of 2017. Signed by the Honorable Jane Magnus-Stinson, Chief Judge in the United States District Court for the Southern District of Indiana. The judgment was put into affect on July 20th of 2017. The following motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is filed in a timely manner.

The petitioner would like to add that he has filed, with this, most honorable court, a motion to request certain documents. These said documents are pertaining to the instant case and relevant to the arguments that are set forth in his motion persuant to 28 U.S.C. § 2255. The petitioner would like to make the recommendation that the court allow the petitioner to amend the instant motion after the filing due to the time allotment of receiving and researching the documents that have been requested. The majority of the requested material has a substantial bearing on a fair and just outcome in the instant case and the arguments herein.

## PETITIONERS APPLICATION OF INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner's motion for relief has a substantial thrust of defense counsel's errors that have effected the petitioner before, during and after the sentencing process. The petitioner understands that, in addition to showing counsel's deficient performance, he must show, in the context of his plea, that the outcome of his plea and the process would have been different with competent advise. The proper measure of attorney performance is simply reasonableness under prevailing professional norms. For an attorney's performance

to fall below an objective standard of reasonableness, a client
must show that the attorney performed seriously below professional
standards. The court's scrutiny of an attorney's performance is
highly deferential to eliminate as much as possible the distorting
effects of hindsight, and it must indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable pro-
fessional assistance. Under these standards, strategic choices made
after thorough investigation of law and facts relevant to plausible
options are virtually unchallengeable. Indeed, if an attorney's
decision was sound at the time it was made, the decision cannot
support a claim of ineffective assistance of counsel. Still, an
attorney's decisions are not immune from examination simply because
they are deemed tactical. A strategic choice based on a misunder-
standing of law or fact can amount to ineffective assistance.
The petitioner has issues concerning the incorporation of his
understanding of the initial plea agreement in his case. There was
several indications that the petitioner was not fully aware of the
proceedings as well as the consequence of his plea. Defense counsel
has a duty to make sure that his/her client fully understands the
proceeding that is taking place.
"Plea bargains have become so central to the administration of the
criminal justice system that defense counsel have responsibilities
in the plea bargain process...that must be met to render the adequate
assistance of counsel that the Sixth Amendment requires in the
criminal process at critical stages." Missouri v. Frye, 566 U.S.
134, 143, 132 S.Ct. 1399, 182 L. Ed. 2d 379 (2012); See also.....
Lafler v. Cooper, 566 U.S. 156, 163, 132 S. Ct. 1376, 182 L. Ed.
2d 398 (2012) ("During plea negotiations defendants are 'entitled

to the effective assistance of competent counsel'". (Quoting ..
McMann v. Richardson, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed.
2d 763 (1970)). Thus, "a plea, even one that complies with Rule 11,
cannot be 'knowing and voluntary' if it resulted from ineffective
assistance of counsel." Hurlow v. United States, 726 F.3d.958, 968
(7th Cir. 2013). We apply the two-part Strickland test to ineffect-
ive assistance of counsel claims in the plea bargain context.
Frye, 566 U.S. at 140. First, the defendant must show deficient
performance-"that counsel's representation fell below an objective
standard of reasonableness." Strickland v. Washington, 466 U.S.
668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Second, the
defendant must show prejudice-"that there is a reasonable probability
that, but for counsel's unprofessional errors, the result of the
proceeding would have been different". Id. at 694.
In the petitioner's case, the defense counsel never took the time
to explain certain procedures that were being taken, the mechanics
of the actual process as well as the guideline range application
process, and how it applies to the petitioner's particular case.
It is the duty of defense counsel to make sure that the defendant
in a criminal case understands the process to which he is being
sentenced. This is the criteria to what makes the guilty plea valid
under the sentencing procedure. The longstanding test for determin-
ing the validity of a guilty plea is whether the plea represents a
voluntary and intelligent choice among the alternative courses of
action open to the defendant. A defendant does not have an absolute
right to withdraw a plea before sentencing. However, he may withdraw

4

a plea of guilty if he can show a fair and just reason for reque-
sting the withdrawal. Federal Rules of Criminal Procedure 11(d)(2)
(B). Because the defendant's statements at the plea colloquy are
presumed to be true, the defendant bears a heavy burden of persua-
sion in showing that such a fair and just reason exists.

There are several issues surrounding the petitioner's 5th and 6th
Amendment rights as to the initial questioning stages at the time
of the petitioner's arrest. There are questionable actions as to
the responsibility of defense counsel's obligation to investigate
certain issues pertaining to the stages of questioning.

An attorney generally has a duty to adequately investigate the fact's
and material in a case, and can render ineffective assistance by
not conducting a reasonable investigation viewed from the attorney's
perspective at the time. See..Rompilla v.Beard, 545 U.S. 374, 380,
125 S. Ct. 2456, 162 L. Ed. 2d 360 (2005). A petitioner who claims
his attorney's failure to adequately investigate violated his Sixth
Amendment Rights must " provide the court with sufficiently precise
information, that is, a comprehensive showing as to what the inves-
tigation would have produced". Richardson v. United States, 379 F.
3d 485, 488 (7th Cir 2003). Had the petitioner's attorney, more
adequately, investigated the record and fact's surrounding the
petitioner's questioning stage, he would have uncovered 5th and 6th
Amendment violations. At the time of the petitioner's initial det-
ainment, he was not advised that he was waiving his right to have
counsel present during the questioning stage of the investigation.

As the petitioner has no criminal record and has had no police
contact, he is not aware of certain proceedings surrounding his
constitutional rights and the process of therein. The petitioner
was not advised of his Miranda rights and was basically coerced
into waiving them. He was approached with the intention that it
would be in his best interest to just cooperate and let the inves-
tigators ask the questions. He was told that "it would only help
him to answer the questions and not hurt him". In the instant case,
we are dealing with the admissibility of statements obtained from
an individual who is subjected to custodial police interrogation.
The issue is in question of the procedures that assure the individ-
ual that he is accorded his privilege against self-incrimination.
Without specific concentration on the facts of these cases, the
Supreme Court of the United States, in an opinion by Warren, Ch. j.,
expressing the views of five members of the court, laid down the
governing principals, the most important of which is that, as a
Constitutional prerequisite to the admissibility of such statements,
the suspect must, in the absence of a clear, intelligent waiver of
the Constitutional rights involved, be warned prior to questioning
that he has a right to remain silent, that any statement he does
make may be used as evidence against him, and he has a right to
the presence of an attorney, either retained or appointed. In the
opinion written by Mr.Justice Harlan, that the decision of the
court represents poor Constitutional law and entails harmful
conseque es for the country at large, and in an opinion written by
Mr. Justice White, that the proposition that the privilege against

self-incrimination forbids in-custody interrogations without the warnings specified above and without a clear waiver of counsel has no significant support in the history of the privilege or in the language of the Fifth Amendment.

Miranda v. Arizona (1966) 384 U.S. 436, 16 L. Ed 2d 694, 86 S. Ct. 1602- which established certain procedural safeguards that require police to advise criminal suspects of their rights under the Federal Constitution's Fifth and Fourteenth Amendments before commencing custodial interrogation-where, prior to the suspects confessing, one of the officers reads a waiver form to the suspect, suspect reads the form back to the officers and signs it, and the form provides (1) that "Before making this statement, I was advised that I have the right to remain silent, and that anything I might say may or will be used against me in a court of law"; (2) "That I have the right to consult with an attorney of my own choice before saying anything, and that an attorney may be present while I am making any statement or throughout the course of any conversation with any police officer if I so choose"; (3) "That I can stop and request an attorney at any time during the course of taking any statement or during the course of any such conversation"; (4) "That in the course of any conversation I can refuse to answer any Further questions and remain silent, thereby terminating the conversation"; and (5) "That if I do not hire an attorney, one will be provided for me." Duckworth v. Eagan (1989) 492 U.S. 195, 106 L. Ed. 2d 166, 109 S. Ct. 2875.

The interest protected by the right derived by Miranda v. Arizona (1966) 384 U.S. 436, 16 L Ed. 694, 86 S. Ct. 1602, from the Federal

Constitution's Fifth Amendment privilege against self-incrimination-
to the assistance of counsel during custodial interrogation is (1)
in one respect narrower than the interest protected by the Sixth
Amendment right to the assistance of counsel in all criminal pros-
ecutions, because the Miranda Fifth Amendment right relates to only
to custodial interrogation; and (2) in another respect broader than
the interest protected by the Sixth Amendment right to the assistance
of counsel, because the Miranda Fifth Amendment right relates to
interrogation regarding and suspected crime and attaches regardless
of whether the adversarial relationship produced by a pending pro-
secution has yet arisen; assuming that there has been no break in
the custody of the accused subsequent to the accused's assertion
of the right to the assistance of counsel during custodial interr-
ogation, if the police initiate an encounter with the accused in
the absence of counsel subsequent to the accused's assertion of the
right, the accused statement's made during the encounter are pre-
sumed involuntary and therefore inadmissible as substantive evidence
at trial, even where the accused executes a waiver and the accused
statements would be considered voluntary under traditional standards;
this rule is designed to prevent police from badgering an accused
into waiving the accused's previously asserted Miranda rights. See..
McNeil v. Wisconsin, (1991) 501 U.S. 171, 115 L. Ed. 2d 158, 111
S. Ct. 2204.

The petitioner, because he is unfamiliar with the judicial system
as well as the mechanics of criminal processing procedures, was put
into an interrogation room and questioned by authorities about the
crimes that were in question at the time. He felt nothing less than
intimidated by the process in which he was subjected to, and was
made to believe that it was in his "Best Interest" to answer all

the questions that were presented to him. The investigators that
questioned the petitioner did not stress to him, in any way, that
it would be in his best interest to have a lawyer present at that
time of questioning. Quoting from United States v. Wysinger, United
States Court of Appeals (No. 10-3894) Seventh Circuit.......It is
clear that the police in this case fully conveyed to respondent his
rights as required by Miranda. He was told of his right to have a
lawyer present ( 683 F.3d 800) prior to and during interrogation,
and his right to have a lawyer appointed at no cost if he could not
afford one. These warnings conveyed to respondent his right to have
a lawyer appointed if he could not afford one prior to and during
interrogation. Prysock, 453 U.S. at 361. But Wysinger was not infor-
med "of his right to have a lawyer present prior to and during his
interrogation." Id. Although there is no particular language that
must be used to convey the warnings, and although we are not to
construe the words of the warning as if reading the terms of a will
or an easement, the difference between an "and" and an "or", depen-
ding on the context, may cause a serious misunderstanding of one of
the core Miranda rights. See.. Missouri v. Seibert, 542 U.S. 600,
611, 124 S. Ct. 2601, 159 L. Ed. 2d 643 (2004) (plurality) ("just
as no talismanic incantation is required to satisfy (Miranda's)
strictures,...it would be absurd to think that mere recitation of
the litany suffices to satisfy Miranda in every conceivable circum-
stance") (internal quotation marks and citations omitted).
A person given a choice between having a lawyer with him before
questioning or during questioning might wait until it is clear that

questioning has begun before invoking his right to counsel.
As noted above, the Miranda safeguards apply not only to express
questioning but also to "any words or actions on the part of the
police (other than those normally attendant to arrest and custody)
that the police should know are reasonably likely to elicit an
incriminating response from the suspect". Innis, 466 U.S. at 300-
01. Although judges and lawyers know that interrogation encompasses
more than direct questioning, the average citizen may be unaware
that Miranda's protection extends to these additional tactics.
A correctly worded Miranda warning avoids this confusion by alert-
ing the suspect that he or she has an immediate right to an attorney
and also a right to have an attorney present during questioning.
See...Berghuis, 130 S. Ct. at 2260 (full comprehension of the rights
to remain silent and to request an attorney are sufficient to dispel
whatever coercion is inherent in the interrogation process). But an
incorrectly worded Miranda warning, one that suggests that Miranda
rights apply only to direct questioning or to the time before dir-
ect questioning, followed by diversionary tactics that redirect the
suspect away from asserting those rights, frustrates the purpose
of the Miranda protections. See...Seibert, 542 U.S. at 621-22 (not-
ing that the Miranda rule would be frustrated if police were allowed
to undermine it's meaning and effect by using a technique that
creates a too high a risk that a post-warning statement would be
obtained when a suspect was deprived of the "knowledge essential
to his ability to understand the nature of his rights and the con-
sequences of abandoning them.") (Kennedy, J., concurring in the
judgment)(quoting Moran v. Burbine, 475 U.S. 412, 423-24, 106 S. Ct.
1135, 89 L. Ed. 2d 410 (1986)).

## FEDERAL RULE PURSUANT TO FED. RULES 11.06

Although the decision to enter a plea of guilty belongs to the defendant, the advise of the defense attorney is critical to the decision making process. 1) The Supreme Court has determined "That the negotiation of the plea bargain is a critical phase of litigation for the purpose of the Sixth Amendment Right to effective assistance of counsel". 2) The defendant depends upon defense counsel to ascertain the best plea that the prosecution is prepared to offer, and for a recommendation as to whether that plea best serves the defendants legal interests. 3) It is the responsibility of the defense attorney to inform the defendant of the rights involved, to explore legal defenses at trial, and to analyze strategic options at available to the defendant. In order to fulfill his advisory role, the defense attorney must be able to communicate directly with the client and provide the client with the information necessary to make an intelligent decision.

It has been clearly established that the petitioner is a layman when it comes to the law. He has no previous criminal record and is quite unaware of the process to which takes place in the criminal justice system. What was considered to be in the best interest of the petitioner was, actually not in his best interest. Defense counsel did not take the time to full investigate the crimes that the petitioner was being charged with. He did not investigate the fact that the petitioner's constitutional rights were violated in

questioning stages, and during the interrogation process. The meetings between the petitioner and defense counsel were only used for the purposes of pleading out, and were not used to discuss any of the concerns regarding the violation of the petitioner's rights. As the plea process went on, there was never an indication that defense counsel looked into the allegations of Constitutional rights violations even though these were of great concern to the petitioner. Pursuant to the Criminal Procedures and General Provisions under 3006A Adequate Representation of Defendants; (D) when a person is under arrest and such representation is required by law; and (H) he is entitled to appointment of counsel under the Sixth Amendment to the Constitution of the United States.

What presently comes into question is; 1) Whether or not the petitioners post-arrest statements were lawfully acquired; and, 2) If the petitioner, being a layman of the criminal justice system, did not fully understand that he had the right to have an attorney appointed and present at the time of his questioning, as well as having a choice whether or not to answer investigators questions, are his post-arrest statements admissible to the courts and to police. Again, we turn to the fact that defense counsel did not investigate the factual basis for the underlying charges against him at the time, nor did defense counsel seek answers to the allegation of Constitutional Rights Violations. "An attorney has a duty to adequately investigate the material facts in a case, and can render ineffective assistance by not conducting a reasonable investigation viewed from the attorneys prospective at the time". See..Rompilla v. Beard, 545 U.S. 374, 380, 125 S. Ct. 2456, 162 L. Ed. 2d.360 (2005).

## CONCLUSION

Due to the fact that defense counsel was not present during the questioning stages of the petitioner, and as the petitioner was not fully aware of his Constitutional rights pursuant to the 5th and 6th Amendments, the petitioner in this case would ask that this, most honorable, court determine an outcome to this instant proceeding based on the doctrine of fruit of the poisonous tree. The petitioner has clearly met the two prong standard of <u>Strickland v. Washington</u> in his argument. Defense counsel did not investigate the underlining facts of the questioning process to which the petitioner was subjected to, as well as defense counsel's failure to fully explain the plea process and sentencing process. The defense counsel for the petitioner pushed him into an assembly line type of process during his change of plea hearing, his factual findings process, as well as his sentencing process. As the petitioner has never had any type of police contact prior to the initial arrest in this case, he does not understand the mechanics of the judicial process in the criminal justice system. When it comes to the representation of a client such as the petitioner in his case, the defense counsel should proceed with kid gloves, making sure that the client fully understands the proceeding to which he is subjected to. In this instant matter, if defense counsel would have given the proper attention to the fact's surrounding the questioning process, as well as the concerns that the petitioner had throughout the entire sentencing (pre and post) process the outcome in this case would

<u>13</u>

bore a significant difference. If defense counsel would have fully investigated the crimes to which the petitioner was charged with, defense counsel would have come to the conclusion that many of the accusations made were indeed false and would not have been proven in the event of a jury trial. The petitioner in this case cooperated with investigators to the point of incriminating himself beyond the point of repair, and the investigators while in the process of questioning let him carry on to the point that the petitioner would no longer have any type of defense at a trial. They simply took advantage of the petitioner in his situation, knowing that he didn't fully understand his Constitutional rights, and that he is a layman when it comes to the criminal justice system and the process of it. At this time, the petitioner would ask the court to vacate his sentence in the interest of justice, grant his instant motion in regards to his claim of ineffective assistance of counsel and remand for the purposes of withdrawing his plea of guilty. The petitioner would ask that this, most honorable, court take the fact's and information that has been provided in this proceeding and to render an outcome most favorable to the petitioner in the interest of justice.

Respectfully Submitted,

Donnell E. Gilder, Jr.

Beckley, FCI
P.O.Box 350
Beaver, West Virginia 25813

14

## CERTIFICATE OF SERVICE

I, Donnell Gilder, pro se, hereby certify that I have sent a true attest copy of this document/proceeding to the following parties. This document/proceeding was sent VIA United States Postal Service through the Inmate Legal Mailing System here at the Beckley Federal Correctional Institution. This document/proceeding was mailed on this date of: 7/3/18 , 2018.


United States District Court
Southern District of Indiana
46 East Ohio Street
Indianapolis, IN 46204

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Donnell E. Gilder, Jr.

Beckley, FCI
P.O.Box 350
Beaver, West Virginia 25813



OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
JARROD BALLARD
1600 INDUSTRIAL PARK ROAD
BEAVER, WV 25813
My commission expires March 16, 2021

## NOTARY PUBLIC

This document totaling 15 (fifteen pages) pages was signed before me, under the penalty of perjury, on this date of: July 3rd, 2018.

NOTARY PUBLIC:

MY COMMISSION EXPIRES ON: March 16, 2021 .

NOTARY SIGNATURE: .

cc/file

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_Pro - Se_

**Signature of Attorney (if any)**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).

Executed (signed) on _July 5, 2018_ (date).

_Donnell E. Gildy Jr._

**Signature of Movant**

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.