UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DONNELL E. GILDER, JR. | Case No. 1:16-cr-107-JMS-MJD-01<br><br>ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:16-cr-00107-JMS-MJD ) |
| DONNELL E. GILDER, JR., | ) -01 |
| Defendant. | ) ) ) |

## ORDER

Defendant Donnell Gilder, Jr., seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Gilder's motions are **denied**.

## I. Background

In 2017, Mr. Gilder pled guilty to two counts of interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a) (counts 9 and 11); one count of knowingly discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (count 20); and one count of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (count 22). Dkts. 55, 56. The Court sentenced Mr. Gilder to 1 day of imprisonment for counts 9 and 11, concurrent to each other; 120 months of imprisonment on count 20, consecutive to all counts; and 300 months of imprisonment on count 22, consecutive to all other counts. Dkt. 56. The Court also imposed 3 years of supervised release.

Mr. Gilder initially filed his motion for compassionate release pro se. Dkts. 67, 68. The Court appointed counsel, dkts. 69, 70, and counsel filed an amended motion on behalf of Mr. Gilder, dkt. 77. In his submissions, Mr. Gilder argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 due to his underlying medical condition (being overweight). Dkts. 77. Mr. Gilder also argues that due to

statutory changes and subsequent caselaw, if he were sentenced today, he would likely receive a shorter sentence. The United States filed a brief in opposition, dkt. 86, Mr. Gilder filed a reply, dkt. 88, and Mr. Gilder filed a supplement thereafter, dkt. 89. Thus, the motions are now ripe.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Gilder's first reason for requesting release—the risk to his physical health presented by COVID-19, particularly in light of his medical condition—is unavailing, either alone or in combination with any other reason. The U.S. Court of Appeals for the Seventh Circuit has held that COVID-19 cannot be an extraordinary and compelling reason to reduce the sentence of an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an

3

'extraordinary and compelling' reason for immediate release." *Id.* at 803. Moreover, the court concluded that "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id.*

Here, Mr. Gilder was offered and declined the vaccine seemingly because he believes it will not be effective for him due to his weight. Dkt. 88. Mr. Gilder relies primarily on a small study from Rome which suggests that the COVID-19 vaccine may be only about half as effective in people with obesity than those at a healthy weight, as support for this contention. Dkt. 77 at 7. But that study is not peer-reviewed, *see id.*, and the Court declines to find it sufficient to carry the burden of showing that Mr. Gilder cannot benefit from the COVID-19 vaccine. Regardless, that study at best shows that the immune systems of people with obesity do not respond as strongly to the COVID-19 vaccine as people without those conditions, *id.*, not that the COVID-19 vaccine will fail to protect people with obesity from severe COVID-19 symptoms, which is the key issue in deciding whether risk from COVID-19 potentially warrants compassionate release. Mr. Gilder also suggests that because there is evidence that the vaccines' effectiveness against contracting COVID-19 wanes over time, he is somehow unable to benefit from the vaccine. Dkt. 77 at 8. But by his own admission, the vaccine remains effective at preventing hospitalizations for COVID-19. *Id.* Moreover, the BOP reports that inmates have also been offered booster shots in accordance with CDC guidance, *see* https://www.bop.gov/coronavirus/ (last visited July 31, 2022), thus alleviating Mr. Gilder's concerns about the potential waning protection against contracting COVID-19. Therefore, Mr. Gilder has failed to carry his burden to show that he cannot receive or benefit from the vaccine.

Mr. Gilder also argues that the sentencing disparity between the sentence he received and the sentence he might receive if he was sentenced today—particularly in light of the Supreme Court's recent holding in *United States v. Taylor*, 142 S. Ct. 2015 (June 21, 2022)—establishes an

4

extraordinary and compelling reason to release him. Seventh Circuit precedent holds to the contrary. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release."); *United States v. Herbert*, No. 21-3321, 2022 WL 1791964, at *2 (7th Cir. June 2, 2022) (non-retroactive changes to the guidelines are not grounds for compassionate release); *United States v. Watts*, No. 21-2867, 2022 WL 2208517, at *1 (7th Cir. June 21, 2022) (The court "lack[s] discretion under § 3582(c)(1)(A)(i) to reduce a statutory-minimum sentence asserted to be unfairly long. The appropriate path for prisoners to contest the length of their sentences is set forth in 28 U.S.C. § 2255.") (internal citation omitted). But Mr. Gilder claims that such precedent was recently overruled by the United States Supreme Court in *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022), which held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." Dkt. 89. Thus, he invites the Court to find an extraordinary and compelling reason for a sentence reduction based on the fact that he would likely receive a shorter sentence if sentenced today.

Mr. Gilder's argument is not well-taken. *Concepcion* addressed a different portion of the First Step Act—§ 404, which allows a district court to resentence a defendant in certain situations. It has no bearing on Mr. Gilder's motion, which falls under § 603 of the Act. As recently explained by the Seventh Circuit in a binding opinion:

> That the First Step Act did multiple things—lowering sentences for some cocaine cases, enabling prisoners to seek compassionate release on their own motions, and more—does not mean that every decision about any aspect of the First Step Act applies to every potential question under that statute. The First Step Act did not create or modify the "extraordinary and compelling reasons" threshold for eligibility; it just added prisoners to the list of persons who may file motions. We take the Supreme Court at its word that *Concepcion* is about matters that district judges may consider when they resentence defendants. So understood, *Concepcion* is irrelevant to the

threshold question whether any given prisoner has established an "extraordinary and compelling reason for release."

*United States v. King*, No. 21-3196, __ F.4th __, 2022 WL 2663277, at *7 (7th Cir. July 11, 2022). As a result, the Seventh Circuit reiterated that "[t]here's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal of collateral review under 28 U.S.C. § 2255." *Id.* at *1. Thus, under controlling Seventh Circuit precedent, Mr. Gilder cannot establish extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) based on changes in caselaw or his statute of conviction, even if those changes mean that Mr. Gilder might receive a shorter sentence if he were sentenced today.

Given the determination that Mr. Gilder has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

**III. Conclusion**

For the reasons stated above, Mr. Gilder's motions for compassionate release, dkts. [67] and [77], are **denied.** Mr. Gilder's motion for court assistance, dkt. [90], is also **denied**. Mr. Gilder has been ably represented by counsel during the pendency of his compassionate release motion, and his counsel is not required to raise frivolous arguments on his behalf. Moreover, Mr. Gilder's appointed counsel recently filed a supplement to raise the argument based on *Taylor* that Mr. Gilder wishes to pursue. Dkt. 89. As a result, the Court will not appoint new counsel to represent Mr. Gilder. Neither will the Court order Mr. Gilder's appointed counsel provide Mr. Gilder with copies of correspondence. Mr. Gilder may, of course, request such copies from appointed counsel. Similarly, there is no reason for the Court to order the release of Mr. Gilder's sentencing transcripts at this time.[1] Finally, Mr.

---

[1] The Court understands that Mr. Gilder wants copies of the transcripts because, during his sentencing, the undersigned stated that her hands were tied, that she would go below the mandatory minimum sentence if

Gilder's motion to amend, dkt. [91], is **granted** to the extent that the Court considered the argument stated in the motion, but, as explained above, the Seventh Circuit has squarely held that there is nothing "extraordinary" about new caselaw or changes in sentencing law. To the extent that Mr. Gilder is arguing that his statute of conviction is unconstitutionally vague, such is a challenge to the underlying validity of his conviction and sentence, which should be raised by direct appeal or a § 2255 motion. A § 3582(c)(1)(A) motion is not the proper way to raise such an argument. *See Watts*, 2022 WL 2208517, at *1.

  **IT IS SO ORDERED.**

Date: 8/4/2022

                 Hon. Jane Magnus-Stinson, Judge
                 United States District Court
                 Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Donnell E. Gilder, Jr.
Reg. No. 15188-028
FCI Beckley
Federal Correctional Institution
P.O. Box 350
General & Legal Mail
Beaver, WV 25813

---

she could, and that he could come back before her if anything changed in the future. *See generally* dkt. 90-1. In the context of a § 3582(c)(1)(A) motion, however, none of those statements are relevant because nothing has changed that would allow the Court to find that an extraordinary and compelling reason supports a reduction of Mr. Gilder's sentence.